IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL LIVINGSTON,

      **Plaintiff,**

vs.

                                                        **CIV. No. 03-495 JH/ACT**

JENNIFER BEAN, Court Reporter,
MARY SEAL, Court Reporter,
JENNIFER BEAN & ASSOC., INC.,
Court Reporters, CITY OF ALBUQUERQUE,
and CHARLES KOLBERG, Assistant City Attorney,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's *Motion to Remand to State Court and Memorandum in Support*, filed May 13, 2003 (*Doc. 4*); *Memorandum in Support of Defendants' City of Albuquerque and Charles Kolberg's Motion to File Amended Response to Plaintiff's Motion to Remand and Withdraw Their Initial Response*, filed Aug. 29, 2003 (*Doc. 23*); *Plaintiff's Motion for Rule 11 Sanctions,* filed Oct. 13, 2003 (*Doc. 26*); and *Plaintiff's Objections to Magistrate Judge's August 13, 2003 Order*, filed Aug. 28, 2003 (*Doc. 21*). Having reviewed the motions, memoranda and all relevant authority, the Court being fully advised finds the Motion to Remand (*Doc. 4*) not well-taken and it is, therefore, denied. The Court further finds Defendants' City of Albuquerque and Charles Kolberg's Motion to File Amended Response (*Doc. 23*) well-taken and it is, therefore, granted. The Court next finds Plaintiff's Motion for Sanctions (*Doc. 26*) not well-taken

and it is, therefore, denied. Finally, the Court finds Plaintiff's Objections to Magistrate's Order (*Doc. 21*) not well-taken and it is, therefore, denied.

## I.    *Background*

Plaintiff Paul Livingston, a New Mexico attorney, is suing Defendants Jennifer Bean, Mary Seal, Jennifer Bean and Associates, City of Albuquerque, and City Assistant Attorney Charles Kolberg, claiming that Defendants Bean, Seal, and Bean and Associates ("Bean Defendants") have no right or authority to charge him $2.00 per page for transcripts stemming from hearings and conferences concerning a case in which his clients sued the City of Albuquerque.[1] Both the Special Master in the case and Bean Defendants refused Plaintiff's request to receive free copies of the transcripts. In an attempt to circumvent the price per page, Plaintiff made a formal request to the City for inspection of public records under the New Mexico Inspection of Public Records Act. Apparently, Plaintiff not only requested transcripts from his case but also from previous cases. The City conceded to Plaintiff's request regarding transcripts from the hearings in his case but never sent him transcripts of other cases.

Plaintiff also complaints about an informal meeting Judge Hansen held regarding Plaintiff's refusal to pay transcript fees.  According to Plaintiff, Defendant Jennifer Bean, called his office on June 26, 2002, to inform him of the informal meeting. Plaintiff objected to the meeting and refused to attend citing the lack of written notice, its off the record status, and because Bean's attorney would not be attending. At the meeting Plaintiff contends that Judge Hansen incorrectly assumed that the

---

[1] Plaintiff's clients were City of Albuquerque bus drivers who sued the City for back overtime wages. The district court found for the bus drivers, and subsequently sent to a special master the issue concerning the amount of back wages. Jennifer Bean and Associates took transcripts of the hearings and conferences concerning the issue.

Special Master had ruled that Plaintiff was to pay transcript fees and thus erroneously affirmed the non-existent ruling. After being made aware of the error, however, Judge Hansen properly filed a corrected order denying a motion for sanctions filed by Plaintiff and amending his previous ruling. *Order Denying Sanctions and Amending June 27, 2002 Order*, CIV No. 96-716 LH/DJS (D.N.M. Jan. 7, 2003).

Plaintiff's Complaint lists five causes of action, purportedly all of which are based on state law. The claims include: (1) Violation of the New Mexico Inspection of Public Records Act, (2) Unfair Trade Practices, (3) Malicious Abuse of Process, (4) Violations of Constitutional Rights, and (5) Punitive Damages. Plaintiff initially filed this action in New Mexico State district court, and Bean Defendants timely removed the case to federal district court. Bean Defendants based removal on the doctrine of "complete preemption," stating "[e]ach and every one of Plaintiff's claims is completely preempted by the Court Reporter Act, 28 U.S.C. § 753." *Notice of Removal*, filed April 28, 2003 (*Doc. 1*). In response, Plaintiff filed a *Motion to Remand to State Court and Memorandum in Support*, filed May 13, 2003 (*Doc. 4*).

II.     *Discussion*

A.      *Motion to Remand*

Federal Question Jurisdiction

Pursuant to the removal statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States....

28 U.S.C. § 1441(a). Federal courts obtain jurisdiction either by diversity of citizenship or via original federal question jurisdiction. "District courts shall have original federal question jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The question before this Court is whether it has original federal question jurisdiction, as diversity of citizenship is not at issue.

The well-pleaded complaint doctrine governs a court's determination regarding whether plaintiff's complaint contains a federal question. "A suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). A plaintiff is the "master of his claim" and thus may craft his complaint to avoid federal jurisdiction by refusing to plead any federal claims even if one or more exists. 16 James Wm. Moore et. al., Moore's Federal Practice ¶ 107.14[3][b] (3d ed. 2004).

The theory that the plaintiff is the master of his claim, however, is not absolute. Pursuant to the doctrine of complete preemption, federal courts may exercise federal question jurisdiction even though the complaint on its face does not present a federal question. *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). Under this doctrine, a complaint that presents only state law claims is deemed federal in nature due to Congress' intent to "occupy the entire field." 16 Moore's § 107.14[4][b]. Thus, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 (1983).[2] Complete

---

[2] The two most prominent examples of complete preemption are actions brought under Section 301 of the Labor Management Relations Act and Section 502(a) of ERISA. 16 Moore's 107.14[4][b][iii].

-4-

preemption, however, is a narrow exception and rarely found to be a viable defense due to issues of federalism. 16 Moore's § 107.14[4][b].

Pursuant to the related and seemingly intertwined doctrine of artful pleading, a plaintiff may not disguise the nature of his complaint by artificial, vague or incomplete characterizations of his claims in order to avoid federal jurisdiction.[3] *Cisneros v. ABC Rail Corp.,* 217 F.3d 1299, 1304 (10th Cir. 2000). A plaintiff thus may not inhibit a defendant's right of removal by carefully pleading his claims under state law and omitting federal questions that are essential to recovery. *Burda v. M. Ecker Co.,* 954 F.2d 434, 437-38 (7th Cir. 1992). The artful pleading doctrine also mandates that a plaintiff cannot omit essential facts in order to avoid federal jurisdiction. *Id.* at n. 3. Various courts, however, including the Tenth Circuit, indicate that the artful pleading doctrine is only available if Congress has completely preempted the particular field. *Schmeling,* 97 F.3d at 1339 (analyzing artful pleading doctrine under complete preemption doctrine analysis); *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 311 n.5 (complete preemption doctrine same as artful pleading doctrine); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 783-84 (5th Cir. 2000), *modified,* 207 F.3d 225, *cert. denied* 531 U.S. 956 (2001) (holding artful pleading doctrine does not apply unless federal law completely preempts relevant area of state law); *M. Nahas*

---

[3] Neither courts nor commentators agree about the scope or purpose of the artful pleading doctrine. Wright and Miller argue that the artful pleading doctrine is a corollary to the well-pleaded complaint rule, as it does not allow a plaintiff to "frustrate a defendant's right of removal by carefully pleading the case without reference to any federal law." 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (3d ed. 1998). They contend that the doctrine is applicable to three classes of cases: (1) when there is a cause of action under state law that has been judicially declared completely preempted by federal law; (2) when a case involves aspects of federalism and claim preclusion; and (3) when plaintiffs mask, through artful pleading, a federal question that is so intrinsic to plaintiffs' cause of action that it constitutes grounds for removal. *Id.*

Contrary to Wright and Miller, Moore's Federal Practice states that the artful pleading doctrine only applies when a defendant invokes the complete preemption doctrine. As discussed in this section, the Tenth Circuit appears to follow Moore's analysis. *Schmeling,* 97 F.3d at 1339.

& Co. v. First Nat'l Bank, 930 F.2d 608, 612 (8th Cir. 1991) (artful pleading doctrine is limited to federal statutes that so completely preempt an area that state claims falling in that area are necessarily federal); Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987) (artful pleading doctrine only invoked upon the determination that complete preemption exists).

In contrast, ordinary preemption of a state law claim by a federal law requires that federal courts apply substantive law. 14B Wright & Miller, § 3722.1. If the federal law that defendants claim preempts the state law is found within the complaint, there is a sufficient basis for federal jurisdiction. Id. If, however, Congress has not preempted the entire field and the defendant is merely claiming that the specific federal statute preempts the state claim, preemption is not a basis for removal. Id.

In the present case, Defendants (Bean Defendants and City Defendants) appear to base their preemption arguments on complete preemption.[4] Yet, neither their arguments nor case law supports the proposition that Congress intended to preempt the entire field regarding court reporters.[5] Instead, Defendants' arguments seem to fall under ordinary preemption due to their statements regarding complete preemption and artful pleading. The Court holds, however, that neither preemption doctrine is applicable. Instead, the Court finds that there is a substantive federal issue on the face of Plaintiff's Complaint, such that the resolution of the Complaint resides in the determination of a federal issue,

---

[4] In their removal petition, Bean Defendants state that the basis for removal is complete preemption although their memorandum in response to Plaintiff's motion to remand only mentions artful pleading. City Defendants also discuss complete preemption; yet they appear to distinguish it with "replacement preemption." The court in Schmeling, however, states that replacement preemption is another version of complete preemption. Schmeling, 97 F.3d at 1342. This Court need not discuss the details of replacement preemption, as the Tenth Circuit held in Schmeling that replacement preemption is simply another form of complete preemption, which is not applicable in this case. Id.

[5] Neither set of Defendants provided the Court with case law supporting the proposition that Congress intended § 753 to completely preempt state causes of action. Upon independent research, the Court also failed to find such supporting case law.

namely 28 U.S.C. § 753.

A plaintiff cannot defeat removal if the court must determine a substantial question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Therefore, claims created by state law "arise under" a law of the United States due to the necessity of determining of the meaning or application of federal law. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921). In the more recent and precedential case of *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the Court suggested that "removal would continue to be proper despite the plaintiff's decision to plead state causes of action exclusively if those causes of action turned on a federal constitutional issue, or other important federal issues." 14BWright and Miller, § 3721.

Although Plaintiff attempts to couch Count II under New Mexico's Unfair Practices Act, the action clearly turns on the Court's determination and  interpretation of § 753. Specifically, Count II states: "Defendants' conduct in failing to file copies of transcripts with the Clerk of the Court – attempting instead to *sell* copies – is contrary to the law requiring filing of free copies, 28 U.S.C. § 753(b)." Complaint, at 8 (emphasis included in original). The Court finds that the resolution of Count II may only be accomplished via a detailed review and interpretation of federal law. Plaintiff's Complaint thus presents a substantial question of federal law such that it allows for federal jurisdiction.

## B.    *Rule 11 Sanctions*

Pursuant to the Court's finding that this case is properly before it, the Court further finds that Plaintiff's motion for Rule 11 sanctions is without merit, as the sole basis for his contention lies in

Defendants' factual and legal claims in their responses to Plaintiff's Motion to Remand.

### C.    *Plaintiff's Objections to Magistrate Order of August 13, 2003*

Plaintiff objects to the Magistrate Judge's Order adopting the attorneys' provisional discovery plan and setting discovery deadlines, as the district court had yet to rule on Plaintiff's Motion to Remand. Having ruled on Plaintiff's motion, the Court now finds Plaintiff's Objections not well-founded, and they are, therefore, denied.

### III.    *Conclusion*

Due to the Court's determination that there is a substantive federal issue on the face of Plaintiff's Complaint, the Court holds that it has original federal question jurisdiction to hear this case.

Wherefore,

IT IS ORDERED that Plaintiff's *Motion to Remand to State Court and Memorandum in Support*, filed May 13, 2003 (*Doc. 4*) is DENIED;

IT IS ORDERED that Defendants' *Memorandum in Support of Defendants' City of Albuquerque and Charles Kolberg's Motion to File Amended Response to Plaintiff's Motion to Remand and Withdraw Their Initial Response*, filed Aug. 29, 2003 (*Doc. 23*) is GRANTED;

IT IS FURTHER ORDERED that *Plaintiff's Motion for Rule 11 Sanctions,* filed Oct. 13, 2003 (*Doc. 26*) is DENIED; and

IT IS FINALLY ORDERED that *Plaintiff's Objections to Magistrate Judge's August 13, 2003 Order*, filed Aug. 28, 2003 (*Doc. 21*) is DENIED.

Dated July 20, 2004.

_____
UNITED STATES DISTRICT JUDGE