## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL LIVINGSTON,

           Plaintiff,

vs.                                                                          Civ. No. 03-495 JH/ACT

JENNIFER BEAN, Court Reporter,
MARY SEAL, Court Reporter, JENNIFER
BEAN & ASSOCS., INC., Court Reporters,
CITY OF ALBUQUERQUE, and CHARLES
KOLBERG, Assistant City Attorney,

           Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Jennifer Bean, Mary Seal, and

Jennifer Bean & Associates, Inc.'s Motion to Dismiss on Grounds of Lack of Standing **[Doc. No.**

**32]**, and Defendants City of Albuquerque and Charles Kolberg's Motion to Dismiss Counts 2, 3,

4, and 5 of the Complaint and to Dismiss for Lack of Standing **[Doc. No. 43]**.  The Court having

considered the motions, briefs in support of the motions, and relevant law, and being otherwise

fully informed, finds that the motions are well taken and will be granted.

### BACKGROUND

On April 3, 2003, Plaintiff Paul Livingston, a New Mexico attorney, filed a Complaint in

the Second Judicial District Court of the State of New Mexico alleging that Defendants Jennifer

Bean, a court reporter, Mary Seal, a court reporter, Jennifer Bean and Associates, Inc., a court

reporting business (the "Bean Defendants"), and Defendants City of Albuquerque and Charles

Kolberg (collectively, "Defendants") violated the New Mexico Inspection of Public Records and

the Unfair Trade Practices Acts, engaged in malicious abuse of process, and violated

constitutional provisions.  Defendants removed the action to this Court on April 29, 2003.

The basis of Plaintiff Livingston's Complaint is that Defendants have no right or authority to charge $2.00 per page for transcripts of various hearings and conferences in an underlying Fair Labor Standards Act ("FLSA") case filed by Plaintiff Livingston on behalf of certain City of Albuquerque bus drivers.[1]  *See United Transport, et al. v. City of Albuquerque, et al.*, Civ. No. 96-00716 LH/ACT (D.N.M.).  In the underlying case, the bus drivers, through Plaintiff Livingston as their counsel, filed a FLSA class action lawsuit in this Court (Judge Hansen presiding) against the City of Albuquerque.  The case later was consolidated with a second FLSA lawsuit filed by Plaintiff Livingston.  Plaintiff Livingston is not a party to the underlying FLSA litigation.  Rather, he acts only in his capacity as attorney for the City bus drivers.

In a 1997 decision in the first of the class-action lawsuits, the underlying Court awarded back overtime wages.  The parties to the FLSA litigation, however, were not able to resolve the amount of the bus drivers' back wage claims.  In late 2001, the underlying Court appointed a Special Master to hear testimony and evidence and recommend amounts to be awarded in back wages.  The Special Master conducted hearings and telephone conferences.  The Bean Defendants made a record of the hearings and conferences.

When Plaintiff Livingston asked the Special Master and the City of Albuquerque to arrange for the FLSA plaintiffs to get copies of the transcripts of the hearings, the Special Master and the City referred Plaintiff Livingston to Mary Seal, a court reporter, who demanded that the FLSA plaintiffs pay $2.00 per page for copies of the transcripts despite the fact that the City already had paid the $2.00 fee from public funds.  Plaintiff Livingston does not allege that he

---

[1] The Court's review of the motions to dismiss is confined to the pleadings.

personally was liable for paying the $2.00 per page fee.

Plaintiff alleges that under 28 U.S.C. Section 253(b), after the record of a hearing has been ordered and delivered, a court reporter must "promptly deliver to the clerk for the records of the court a certified copy" and "the copy of the transcript in the office of the clerk shall be open . . . to inspection by any person without charge." Plaintiff Livingston maintains that the City of Albuquerque already had paid for the transcripts he requested and that the transcripts should have been but were not filed with the underlying Court. Plaintiff Livingston, on behalf of his clients, therefore asked the Special Master to order the Bean Defendants to file the transcripts with the underlying Court so that Plaintiff Livingston could inspect and copy the transcripts at the Clerk's Office instead of incurring a $2.00 per page fee. The Special Master denied Plaintiff Livingston's request.

On May 31, 2002, Plaintiff Livingston requested that the City Clerk's Office, the City Attorney, Jennifer Bean, and Mary Seal allow him to inspect certain public records under the New Mexico Inspection of Public Records Act. Specifically, Plaintiff Livingston asked to inspect and copy transcripts of depositions and hearings in employment-related cases that had been paid for by the City since December 1, 1997. Plaintiff Livingston requested copies of the transcripts in digital format.

The City conceded that the requested digital files were public records and agreed to provide the computer disks containing transcripts of some of the hearings in the bus drivers' cases. The City did not disclose any transcripts from other cases and did not respond to all of Plaintiff Livingston's requests for records of payments to court reporters for transcripts. Defendant Jennifer Bean responded to Plaintiff Livingston's request in an untimely fashion,

indicating that she would not disclose the transcripts without prepayment of the $2.00 per page fee. Defendant Seal did not respond to Plaintiff Livingston's request for inspection.

On June 26, 2002, Defendant Jennifer Bean telephoned Plaintiff Livingston to inform him that the underlying Court was holding an informal meeting to discuss the issue of the transcripts later that day and that she and Defendant Kolberg would be present. Plaintiff Livingston expressed his objections to the meeting orally and/or via facsimile to Defendant Bean, the Special Master, Defendant Bean's attorney, and the Assistant City Attorneys. Specifically, Plaintiff Livingston objected to the hearing being held off of the record, the lack of written notice, the absence of Defendant Bean's attorney, and the ethical impropriety of the hastily-scheduled meeting.

United States District Judge Hansen met with two Assistant City Attorneys and Defendant Bean. A court reporter was present but did not make a record. Plaintiff Livingston did not attend the meeting. At the meeting, Plaintiff Livingston alleges that the underlying Court "'affirmed' a non-existent ruling by the Special Master 'that Plaintiffs are to pay for copies of any transcripts of hearings held before [the Special Master.]'" Compl. ¶ 19 (quoting *United Transp. Union Local 1745 et al. v. City of Albuquerque, et al.*, Nos. CV 96-716 and 99-209, Order dated June 26, 2002 (Hansen, J.)). The underlying Court acknowledged that "'Plaintiffs are attempting to procure these transcripts from Defendants through use of the New Mexico Public Records Act.'" *Id.* ¶ 20 (quoting June 26, 2002, Order). Without hearing from the FLSA plaintiffs or Plaintiff Livingston, the underlying Court ordered that "'a lien be . . . placed on any subsequent recovery by [the FLSA plaintiffs] for damages and/or attorney's fees in the amount of reasonable court reporter's fees attributable to any copies of these proceedings [the p]laintiffs secure from the City

of Albuquerque.'" *Id.* (quoting June 26, 2002, Order).[2]

## STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that lack of

jurisdiction over the subject matter at issue is a defense to a claim for relief. Standing implicates a

jurisdictional question subject to dismissal under Rule 12(b)(1). *See Rector v. City and County of*

*Denver*, 348 F.3d 935, 942 (10th Cir. 2003). A facial attack on a complaint's allegations as to

subject matter jurisdiction questions the sufficiency of the complaint. *See Holt v. United States*,

46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). In reviewing a facial attack on a

complaint pursuant to Rule 12(b)(1), a district court must accept a plaintiff's allegations as true

and construe the complaint in the plaintiff's favor. *See, e.g.*, *United States v. Rodriguez-Aguirre*,

264 F.3d 1195, 1206 (10th Cir. 2001) (citation omitted), *cert. denied*, 537 U.S. 854 (2002).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that

"failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any

pleading. Fed. R. Civ. P. 12(b)(6). A court may dismiss a cause of action under Rule 12(b)(6)

for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of

facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v.*

*California*, 509 U.S. 764, 811 (1993) (citation omitted). In considering a Rule 12(b)(6) motion,

a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must

draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City*

---

[2] The underlying Court later filed an amended order in light of the fact that the Special Master had not made a ruling requiring the FLSA plaintiffs to pay $2.00 per page for the transcripts. In the amended order, the underlying Court also denied the FLSA plaintiffs' motion for sanctions. *See* Order Denying Sanctions and Amending June 27, 2002 Order, CIV No. 96-716 LH/DJS (D.N.M. Jan. 7, 2003).

*of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied,* 504 U.S. 912 (1992).  The issue in

reviewing the sufficiency of a complaint is not whether a plaintiff ultimately will prevail, but

whether a plaintiff is entitled to offer evidence to support his or her claim.  *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow a court to assume that a plaintiff "can

prove facts that [the plaintiff] has not alleged or that the defendants have violated the . . . laws in

ways that [the plaintiff has not] alleged."  *See Associated Gen. Contractors, Inc. v. California*

*State Council of Carpenters,* 459 U.S. 519, 526 (1983).  The rules also do not require a court to

accept legal conclusions or unwarranted inferences.  *See United States v. Fisher*, 38 F.3d 1144,

1147 (10th Cir. 1994) (citation omitted).

## DISCUSSION

Defendants move to dismiss Plaintiff Livingston's Complaint on the following grounds.

First, Defendants argue that Plaintiff Livingston does not have standing to bring suit in this case.

Second, and in the alternative, the City of Albuquerque contends that the Court should dismiss the

Unfair Practices Act ("UPA") claim because Defendant City of Albuquerque is not a "person"

under the UPA and the allegations in the Complaint do not state a claim for violation of the UPA.

The City further argues that the Court should dismiss the malicious abuse of process claim

because the City is entitled to immunity under the Tort Claims Act and the Complaint does not

state a claim for relief for malicious abuse of process.  In addition, the City maintains that the

claim for violation of constitutional rights cannot survive a motion to dismiss because the City is

entitled to immunity under the Tort Claims Act.  The City also contends that the Court should

dismiss the punitive damages claim because punitive damages are not available in a case against a

municipality.  Finally, Defendant Kolberg argues that the Court should dismiss Plaintiff

Livingston's claims because the allegations in the Complaint do not state claims against him and

he is entitled to qualified immunity.  The Court will address each of these arguments in turn.

I.      Does Plaintiff Livingston Have Standing to Maintain this Suit?

        Plaintiff Livingston is the attorney representing the FLSA plaintiffs in the underlying

action.  The crux of Plaintiff Livingston's Complaint in the instant action is that Defendants have

violated the law by charging $2.00 per page for copies of transcripts relevant to the underlying

FLSA action.  The Complaint contains no allegation that Plaintiff Livingston personally has been

injured or that Defendants were charging Plaintiff Livingston, and not his clients, $2.00 per page

for the copies of the transcripts.

        Article III of the United States Constitution requires that litigants meet constitutional

standing requirements and that they pursue suits with an actual case or controversy.  *See,*

*e.g.*, *Allen v. Wright*, 468 U.S. 737, 750 (1984).  The Supreme Court has held that to have

constitutional standing a plaintiff must establish (i) that he or she personally has suffered an

"injury in fact," (ii) "[a] causal relationship between the injury and the challenged conduct," and

(iii) a likelihood that the injury will be redressed by a favorable decision.  *Northeastern Chapter of*

*Florida Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993); *see*

*also Rodriguez-Aguirre*, 264 F.3d at 1204.

        In addition, the Supreme Court has held that a plaintiff must demonstrate that he or she

has "prudential standing," which involves "limits on the class of persons who may invoke the

court's decisional and remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Pursuant

to this principle, a plaintiff must assert "his [or her] own rights, rather than those belonging to

third parties." *Sac & Fox Nation v. Pierce*, 213 F.3d 566, 573 (10th Cir. 2000), *cert. denied*, 531

U.S. 1144 (2001); *see also Rodriguez-Aguirre*, 264 F.3d at 1204 (citation omitted).  The purpose

of a prudential standing analysis is to determine "'whether the plaintiff is the proper party to bring

the suit,' which requires that the plaintiff show that [he or] she has a personal stake in the

litigation." *Rowe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir.

1997) (quoting *Raines v. Byrd*, 571 U.S. 811 (1997)); *see also Mountain States Legal*

*Foundation v. Costle*, 630 F.2d 754, 764 (10th Cir. 1980) (the claimant must have a personal

stake involving a "'distinct and palpable injury[]' to the plaintiff") (citation omitted), *cert. denied*,

450 U.S. 1050 (1981); *Key v. Chrysler Corp.* 121 N.M. 764, 769, 918 P.2d 350, 354 (N.M.

1996).

      The Bean Defendants argue that Plaintiff Livingston does not have standing to pursue the

NMPRA claim.  In support of the NMPRA claim, Plaintiff Livingston alleges that the Bean

Defendants refused to provide him with copies of the transcripts of depositions and hearings that

he requested under the NMPRA.  The NMPRA provides that "[a]n action to enforce the [Act]

may be brought by[] a person whose written request has been denied."  N.M. Stat. Ann. § 14-2-

12.  The Complaint alleges that Plaintiff Livingston made the request for records under the

NMPRA.  Plaintiff Livingston therefore has standing to enforce the provisions of the NMPRA.

Accordingly, the Court denies the Bean Defendants' motion to dismiss the NMPRA claim on this

ground.

      The Court, however, nonetheless dismisses Plaintiff Livingston's NMPRA claim on the

ground that Plaintiff Livingston has not stated a claim for relief against the Bean Defendants.  The

NMPRA covers only public entities and not privately-owned businesses.  Although the NMPRA

grants "[e]very person . . . [the] right to inspect public records," the allegations in the Complaint

do not indicate that the transcripts that Plaintiff Livingston seeks from the Bean Defendants meet

the NMPRA's definition of "public records."  N.M. Stat. Ann. § 14-4-1.  The NMPRA defines

"public records" as "all documents . . . and other materials . . . that are used, created, received,

maintained or held *by or on behalf of any public body*."  *Id.* § 14-4-6(E) (emphasis added).  The

Complaint does not allege that the Bean Defendants are a public body.  In addition, the Complaint

does not allege that the Bean Defendants are custodians of public records responsible for

addressing and responding to requests for copies of public records under the NMPRA.  *See* N.M.

Stat. Ann. § 14-4-6 ("'custodian' means any person responsible for the maintenance, care or

keeping of a public body's public records").  Indeed, the Complaint is devoid of any

nonconclusory, factual allegations demonstrating that the Bean Defendants are charged with

responding to Plaintiff Livingston's request for public records under the NMPRA.  Accordingly,

the Complaint does not contain allegations sufficient to state a claim that the Bean Defendants

violated the NMPRA, and the Court dismisses the NMPRA claim under Rule 12(b)(6) for failure

to state a claim.

Defendants also argue that Plaintiff Livingston's UTP claim is subject to dismissal on the

ground that Plaintiff Livingston lacks standing to bring the claim.  The Complaint alleges that the

Bean Defendants'  "charge of $2.00 per page for paper copies of transcripts which were already

paid for with public funds and which can legally be freely copied and distributed digitally

constitute[s a] serious violation[] of the [UTP]."  Compl. ¶ 31.  The Complaint does not contain

allegations, and Plaintiff Livingston does not argue in his response to the motion to dismiss, that

the copying costs were incurred by Plaintiff Livingston or that Plaintiff Livingston was in any

manner responsible for payment of the costs.  The allegations in the Complaint therefore do not indicate that Plaintiff Livingston has a personal stake in the outcome of the UTP claim and the Court dismisses the UTP claim on this ground.  *See Castle*, 630 F.2d at 764 (citation omitted).

The allegations in the Complaint also demonstrate that Plaintiff Livingston lacks standing to bring a due process claim or a malicious abuse of process claim.  Both of these claims are based on the underlying Court's issuance of a lien on the FLSA plaintiffs' recovery of overtime wages and attorney's fees.  In support of the constitutional due process claim, Plaintiff Livingston alleges that Defendants "failed to provide Plaintiff [Livingston] with notice or a meaningful opportunity for a hearing prior to asserting liens on *the bus drivers'* attorney's fees and overtime wages." Compl. ¶ 51 (emphasis added).  Plaintiff Livingston, however, was entitled to notice only because he was acting as the attorney for his FLSA clients.  Assuming, *arguendo*, that any constitutional rights were violated, it was the constitutional due process rights of the bus drivers to notice and a hearing.

In addition, the lien issued by the underlying Court did not attach to property or funds owned by Plaintiff Livingston.  Rather, the Court ordered that "'a lien be . . . placed on any subsequent recovery by [the FLSA p]laintiffs for damages and/or attorney's fees in the amount of reasonable court reporter's fees.'"  Compl. ¶ 20 (quoting July 26, 2002, Order).  The lien imposed attaches only to funds awarded to the FLSA plaintiffs (and not Livingston) for attorney's fees and affects only the FLSA plaintiffs' right to reimbursement for attorney's fees paid or owed by the FLSA plaintiffs.  The lien imposed in no way affects the FLSA plaintiffs' separate obligation to pay Plaintiff Livingston for the fees they incurred in the underlying representation.  Accordingly, any injury resulting from the allegations in the Complaint occurred solely to the FLSA plaintiffs.

-10-

Plaintiff Livingston likewise does not have standing to assert the malicious abuse of process claim.  In his Complaint, Plaintiff Livingston alleges that the underlying Court issued a lien on the FLSA plaintiffs to secure financial advantage to the Bean Defendants and deprive the FLSA plaintiffs of their right to inspect records under the NMPRA.  *See* Compl. ¶¶ 42, 45.  As described herein, however, the lien on the FLSA plaintiffs' recovery in no way affects the personal rights of Plaintiff Livingston.

Finally, Plaintiff Livingston does not have standing to assert his punitive damages claim.  As described above, each of Plaintiff Livingston's claims alleges violations of the rights of and injury to the FLSA plaintiffs and not Plaintiff Livingston.  Because Plaintiff Livingston does not have standing to assert these claims he cannot have standing to seek punitive damages on the basis of these claims.

Plaintiff Livingston's arguments do not persuade the Court otherwise.  First, Plaintiff Livingston argues that he suffered a constitutional and statutory injury because the underlying Court placed liens on the bus drivers' recovery and Plaintiff Livingston's attorneys' fees.  As described herein, however, the lien imposed merely attaches to the FLSA plaintiffs' potential recovery for attorney's fees and not to any recovery due to Plaintiff Livingston or to any property owned by Plaintiff Livingston.  *See supra.*

Plaintiff Livingston also argues that the Bean Defendants' billing statements are directed to Plaintiff Livingston and not to his FLSA clients.  The allegations in the Complaint, however, do not demonstrate that Plaintiff Livingston was obligated to pay the transcription fees.  Although for purposes of a motion to dismiss the Court must accept all allegations in a complaint as true and construe all inferences in favor of the plaintiff, the Court cannot assume that the plaintiff "can

prove facts that [the plaintiff] has not alleged." *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  Here, the Complaint does not allege that Plaintiff Livingston owed an obligation to the Bean Defendants for the costs of the transcripts.  To the contrary, the allegations indicate that it was the FLSA plaintiffs who owed the obligation for the transcription fees.  *See* Compl. ¶ 8 (court reporter Mary Seal "demanded that the bus drivers pay Bean & Associates $2.00 per page for copies of the transcripts"), ¶ 20 (lien placed on the FLSA plaintiffs' recovery and not on any property or recovery of Plaintiff Livingston).  Plaintiff Livingston's argument in favor of standing therefore does not have merit and the Court grants the motions to dismiss.

II.     <u>Remaining Claims</u>.

        Because the Court's ruling in favor of Defendants on the ground of lack of standing is dispositive, the Court need not address the remaining arguments in favor of dismissal set forth in Defendants City of Albuquerque and Kolberg's Motion to Dismiss Counts 2, 3, 4, and 5 of the Complaint and memorandum in support thereof.[3]

**CONCLUSION**

        For the reasons stated above, **IT THEREFORE IS ORDERED** that the Bean Defendants' Motion to Dismiss on Grounds of Lack of Standing **[Doc. No. 32]**, and Defendants City of Albuquerque and Charles Kolberg's Motion to Dismiss Counts 2, 3, 4, and 5 of the Complaint and to Dismiss for Lack of Standing **[Doc. No. 43]**, are hereby **GRANTED**.

---

        [3] The Court notes that Defendants City of Albuquerque and Kolberg have not moved for dismissal of Count One (the NMPRA claim) of Plaintiff's Complaint.  Accordingly, this claim still is pending against them.  Defendants City of Albuquerque and Kolberg have filed a separate Motion for Summary Judgment Dismissing Count One of Plaintiff's Complaint.  The Court will address this motion in a separate memorandum opinion and order.

**IT IS FURTHER ORDERED** that this case is dismissed as follows:

1.      The Complaint is dismissed without prejudice in its entirety against the Bean Defendants; and

2.      Counts 2, 3, 4, and 5 of the Complaint are dismissed without prejudice against Defendants City of Albuquerque and Charles Kolberg.

Dated this 30th day of September, 2004.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

        Paul Livingston, *pro se*

Attorneys for Defendants Jennifer Bean, Mary
Seal, and Jennifer Bean & Associates, Inc.:

        Scott P. Hatcher, Esq.

Attorneys for Defendants City of
Albuquerque and Charles Kolberg:

        Randy Autio, Esq., Deputy City Attorney